UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-61253-Civ-COOKE/TORRES

ALEX RODRIGUEZ,

    Plaintiff,

vs.

SETERUS, INC.,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

    Plaintiff Alex Rodriguez ("Plaintiff" or "Mr. Rodriguez") initiated an action against Seterus, Inc. ("Defendant" or "Seterus") alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"). Defendant filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 11), arguing that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff filed his Response to Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 18), to which Defendant filed its Reply in Support of its Motion to Dismiss Plaintiff's Complaint (ECF No. 24). As such, Defendant's Motion to Dismiss is fully briefed and ripe for adjudication. After reviewing Defendant's Motion to Dismiss, the Response and Reply thereto, the record, and relevant legal authorities, Defendant's Motion to Dismiss Plaintiff's Complaint is granted in part and denied in part.

### I. BACKGROUND

    On July 12, 2005, Plaintiff entered into a fixed rate promissory note agreement secured by a mortgage on Plaintiff's residential property. Compl. ¶¶ 22, 23. Defendant Seterus took over the servicing of Plaintiff's mortgage in October 2012 and currently services the loan on behalf of the loan owner, Federal National Mortgage Association ("Fannie Mae"). *Id.* at ¶¶ 25, 26. Plaintiff allegedly defaulted on the loan sometime prior to October 2012, and as a result, on November 24, 2014, Fannie Mae initiated foreclosure proceedings against Plaintiff in the Circuit Court of Broward County. *Id.* at ¶ 17; *see also* Def.'s Mot. Dismiss 2.

After Fannie Mae initiated foreclosure proceedings, Defendant hired a third-party vendor to perform property inspections of Plaintiff's property, which it labeled "Appraisal Expense" fees on Plaintiff's monthly mortgage statement. Compl. ¶¶ 30, 31. Plaintiff, confused by the frequent "Appraisal Expense" fees he kept seeing on his monthly mortgage statement, hired an attorney and mailed Defendant a written request for information ("RFI") on March 19, 2015. Defendant received Plaintiff's RFI on March 26, 2015. *Id.* at ¶¶ 34, 35. In his RFI, Plaintiff requested specific information regarding the frequent property inspections, including: (1) whether Defendant believed Plaintiff's property to be vacant; (2) whether Defendant believed monthly property inspections were reasonable or appropriate; (3) the date the first property inspection was conducted; (4) the frequency with which property inspections were conducted; (5) whether Defendant received specific instructions from Fannie Mae to conduct property inspections; and (6) proof of payment for the amounts charged to Plaintiff. *Id.* at ¶ 37. Additionally, Plaintiff also informed Defendant that he was occupying the property at issue and that he had not allowed it to deteriorate. *Id.* at ¶ 44.

On March 30, 2015, within five days of receiving Plaintiff's RFI, Defendant acknowledged receipt of Plaintiff's RFI. *Id.* at ¶¶ 38, 40. However, Defendant failed to provide any further response thereafter and failed to specifically address the questions raised in Plaintiff's RFI. *Id.* at ¶ 41. As a result, Plaintiff's counsel mailed Defendant a follow-up letter, informing Defendant that it had failed to respond to Plaintiff's RFI and allowing Defendant an additional seven days within which to respond. *Id.* Plaintiff alleges that to date, Defendant has failed to respond to his RFI. *Id.* at ¶ 43.

Plaintiff filed the instant lawsuit because Defendant continues to charge Plaintiff for "Appraisal Expense" fees every month, which Plaintiff alleges are a false and deceptive means to collect or attempt to collect a debt. *Id.* at ¶ 70. He is also seeking damages for Defendant's unwillingness to respond to his RFI regarding the "Appraisal Expense" fees Defendant charges every month. *Id.* at ¶¶ 63, 64.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In

order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [ ] claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true and accept all reasonable inferences therefrom. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III.   DISCUSSION

Plaintiff alleges violations of RESPA (Count I), the FDCPA (Count II), and the FCCPA (Count III). Defendant has moved to dismiss all three claims. I will address Defendant's arguments in turn.

### A. Count I: RESPA

A plaintiff states a cause of action under RESPA if the plaintiff alleges that he or she sent a "qualified written request" to a mortgage servicer and the mortgage servicer failed to take proper action in response to the request as specified under the Act. *See* 12 U.S.C. § 2605(e). Defendant argues that Plaintiff's claim must be dismissed because Plaintiff has failed to allege damages, actual or statutory. A RESPA claim requires damages. *See Frazile v. EMC Mortg. Corp.*, 382 Fed. Appx. 833, 836 (11th Cir. 2010).

#### 1. Actual Damages

Defendant argues that Plaintiff's alleged actual damages of "(1) photocopying costs and postage costs incurred in mailing Plaintiff's RFI; and (2) photocopying costs, postage

costs, and reasonable attorney's fees incurred as a result of having to send additional correspondence due to Seterus's failure to respond to Plaintiff's RFI" are insufficient to state a claim under RESPA. While I agree with Defendant as to Plaintiff's claim for costs incurred in mailing his initial RFI, I disagree with Defendant as to Plaintiff's claim for costs incurred in mailing additional correspondence as a result of Defendant's non-response to Plaintiff's initial RFI.

As explained in *Steele v. Quantum Servicing Corp.*, costs incurred in preparing an RFI are not actionable under RESPA because those costs were incurred "*before* the alleged RESPA violation, that is, before Defendants were allegedly required to acknowledge or respond," and "[a]ccordingly, these costs could not have resulted from Defendants' alleged failure to comply with RESPA." 3:12-CV-2897-L, 2013 WL 3196544, at *8 (N.D. Tex. June 25, 2013) (emphasis in original); *see also Russell v. Nationstar Mortg., LLC*, No. 14-61977-Civ, 2015 WL 541893, at *2 (S.D. Fla. Feb. 10, 2015). However, the above reasoning does not limit Plaintiff's claim for costs incurred in sending Defendant a follow-up letter as a result of Defendant's failure to respond, as statutorily required, to Plaintiff's initial RFI. Damages associated with follow-up requests, because of a failure to respond or an improper response by a defendant, have been found to qualify as actual damages under RESPA. *See O'Brien v. Seterus, Inc.*, No. 9:15-CV-80300-Rosenberg, 2015 WL 4514512, at *3 (S.D. Fla. July 24, 2015) (citing *Russell*, 2015 WL 541893 at *2). Therefore, after considering the facts in the light most favorable to Plaintiff, while Plaintiff is not entitled to photocopying costs and postage costs incurred in mailing his initial RFI, he may seek as actual damages photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondence due to Defendant's failure to respond.

2. ***Statutory Damages***

Defendant argues that Plaintiff has failed to sufficiently allege that he is entitled to statutory damages pursuant to 12 U.S.C. § 2605(f)(1)(B) as a result of Defendant's "pattern or practice of noncompliance with Regulation X and RESPA." In response, Plaintiff asserts that his allegations that Defendant has violated three provisions of RESPA in this case alone, and his ability to demonstrate at some point in the future "numerous correspondences sent to Seterus, relating to other clients under the applicable statutes, in

which Seterus failed to acknowledge or adequately respond as required by law" is sufficient to state a claim for statutory damages under RESPA.

I find that Plaintiff's conclusory and vague allegations fall short of what is required to state a claim for statutory damages under RESPA. Notwithstanding Plaintiff's attempt at construing Defendant's alleged violation as violating three separate provisions of RESPA, there is in actuality only one RESPA violation here. This has been found to be insufficient to satisfy the requirements of RESPA. *See Long v. Residential Credit Sol., Inc.*, No. 9:15-CV-80590-Rosenberg, 2015 WL 4983507, at *2 (S.D. Fla. Aug. 21, 2015) (citing *McLean v. GMAC Mortg. Co.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009) (finding that two RESPA violations was insufficient to establish a pattern or practice)); *see also Russell*, 2015 WL 541893, at * 3 (same). Additionally, Plaintiff's statement referring to other communications with Defendant by nonparties to this case as evidence of a pattern or practice of noncompliance with RESPA is too conclusory and vague to state a claim based on a pattern or practice of RESPA noncompliance. *See Paschette v. Wells Fargo Bank, N.A.*, No. 6:11-cv-442-Orl-31GJK, 2011 WL 3962274, at *2 (M.D. Fla. Sept. 8, 2011) (finding that similar allegations, "which fail to identify any wrongfully withheld information … are too conclusory to state a claim based on a pattern or practice of RESPA noncompliance.").

### B. Counts II and III: FDCPA and FCCPA

The FDCPA prohibits a "debt collector" from using a "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FCCPA, the "Florida state analogue to the federal FDCPA," *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 836 (11th Cir. 2010), was enacted with a similar purpose. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) (The FCCPA "was enacted as a means of regulating the activities of consumer collection agencies within the state…[in an] attempt to curb what the legislature evidently found to be a series of abuses in the area of debtor-creditor relations.").

In order to state claim under the FDCPA, a plaintiff must allege that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant is engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d

5

1355, 1360-61 (S.D. Fla. 2000).  Since the FCCPA has parallel requirements in order to state a claim, I will analyze Plaintiff's claims under the FDCPA and the FCCPA together. *See Elmore v. Ne. Fla. Credit Bureau, Inc.*, Case No. 3:10-cv-573-J37 JBT, 2011 WL 4480419, at *2 n.5 (M.D. Fla. Sept. 27, 2011) (citing Fla. Stat. § 559.552, which states: "In applying and construing this section, due consideration and great weight shall be given to the interpretations of…the federal courts relating to the federal Fair Debt Collection Practices Act.").

Defendant argues that Plaintiff's FDCPA and FCCPA claims fail because the property inspection charges are expressly authorized under the terms of Plaintiff's mortgage and Defendant's use of the word "appraisal" instead of "inspection" is not a material misrepresentation.  In response, Plaintiff asserts that the "appraisal fees" are misleading and an "unlawful, deceptive, and misleading method [by Defendant] to increase the billing of Plaintiff's loan."  More specifically, Plaintiff alleges that Defendant's acts violate Section 1692e of the FDCPA, which provides in pertinent part that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  The relevant portion of the FCCPA provides: "[i]n collection consumer debts, no person shall: … (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

In viewing the facts in the light most favorable to the Plaintiff, I will allow Plaintiff's FDCPA and FCCPA claims to proceed, in line with recent decisions in the Southern District of Florida.  Although the terms of Plaintiff's mortgage permit property inspections once a party has defaulted, courts have found allegations that a defendant "*knew* … that an inspection of Plaintiffs' property was unnecessary and unreasonable, and that the purpose of the inspection was not for the benefit of the owner of the mortgage, but solely for the servicer's financial gain" to be sufficient to plausibly assert a claim under the FDCPA and survive a motion to dismiss.  *See O'Brien*, 2015 WL 4514512, at *4; *see also Tysenn v. Select Portfolio Servs., Inc.*, No. 15-60381-Civ (S.D. Fla. May 14, 2015) (finding that plaintiff had alleged enough to draw a reasonable inference that the property inspection related fees were

unlawfully incurred and assessed to plaintiff after plaintiff alerted defendant that she continued to occupy and maintain the property in good repair). Here, Plaintiff has alleged that Defendant knew that the property was occupied and in good repair, offered Plaintiff a loan modification in May 2015, disguised its property inspections as "Appraisal Expense" fees when billing Plaintiff, and engages in the practice of billing such fees to minimize the costs incurred in servicing loans while maximizing its own profit. Therefore, at this stage, Plaintiff has met his burden in stating a claim upon which relief can be granted under the FDCPA and FCCPA.

## IV. CONCLUSION

For the reasons explained in this Order, Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 11) is **GRANTED** *in part* and **DENIED** *in part* as follows:

1. As to Count I, Plaintiff's claim for actual damages is limited to those expenses incurred after mailing out his initial RFI. Plaintiff's claim for statutory damages is **DISMISSED** *without prejudice*.
2. Plaintiff may file an amended complaint within fourteen (14) days from the date of this Order. Failure to do so on or before that date will result in this case proceeding on actual damages only with respect to Plaintiff's RESPA claim.
3. Counts II and III of Plaintiff's Complaint shall remain.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of September 2015.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*